

# THE LAW OFFICE OF JAMES JANTARASAMI

**JAMES JANTARASAMI**
ATTORNEY AT LAW

WRITER'S DIRECT: (212) 321-0256
EMAIL:  JAMES@JLAWNYC.COM

3 COLUMBUS CIRCLE, 15TH FL.
NEW YORK, NY 10019
MAIN: (212) 324-1480
FAX: (212) 328-1436
WWW.JLAWNYC.COM

**JOINT APPLICATION FOR STAY OF DISCOVERY**
**PENDING DISPOSITION OF MOTION TO DISMISS**

**VIA ECF*

January 31, 2025

Henry J. Ricardo, United States Magistrate Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 701
New York, NY 10007
RicardoNYSDChambers@nysd.uscourts.gov

**RE:**     **Riley v. Baggu Corporation | 1:24-cv-09000-HJR**

Honorable Judge Ricardo:

  The undersigned represents the defendant, Baggu Corporation ("Defendant"), in the above-titled action.  Defendant's motion to dismiss the complaint pursuant to FRCP 12(b)(1) and 12(b)(6) was filed on January 27, 2025 [ECF No. 14] and is pending.  Per the parties' agreed briefing schedule [ECF No. 14-4], Plaintiff has until February 10, 2025 to amend the Complaint in lieu of filing opposition, and if Plaintiff elects not to so amend, then briefing on the motion is scheduled to conclude by March 10, 2025.

  This letter is submitted on consent of both parties to request a stay of discovery pending the filing of Plaintiff's amended complaint or the resolution of Defendant's motion to dismiss, as applicable. In the event that the Complaint is amended – thus mooting Defendant's original motion – and Defendant subsequently moves to dismiss the amended complaint, the parties further request that the stay of discovery continue until resolution of that second pre-answer motion.

  A district court "has considerable discretion to stay discovery" upon a showing of good cause. *Ema Fin., LLC v. Vystar Corp.*, 336 F.R.D. 75, 79 (S.D.N.Y. 2020). In determining whether to grant a stay of discovery pending a motion to dismiss, courts "take into account the nature and complexity of the action, whether some or all defendants have joined in the request for a stay, and the posture or stage of the litigation." *Shulman v. Becker & Poliakoff, LLP*, 2018 WL 4938808, at *2 (S.D.N.Y. Oct. 11, 2018) (internal citation omitted).

Hon. Henry J. Ricardo
January 31, 2025
Page 2 of 2

      Here, in light of: (i) the early procedural posture of this case (the Complaint having been served on December 3, 2024); (ii) the fact that amended pleadings are imminently foreseeable; and (iii) the possibility that dispositive motion practice will eliminate some or all of the issues in this case, the parties believe that it would avoid wasteful expense / duplication of effort, conserve judicial resources and would not cause undue delay to defer discovery until after the pleadings are closed. *See New York by James v. Pennsylvania Higher Educ. Assistance Agency*, 2020 WL 605944, at *2 (S.D.N.Y. Feb. 7, 2020) (granting stay where "only four months [had] passed" since complaint's filing); *Negrete v. Citibank, N.A.*, 2015 WL 8207466, at *2 (S.D.N.Y. Dec. 7, 2015) (concluding prejudice from stay would be "minimal" where "hearing date for the [dismissal] motion is less than two months away").

      For all of the above reasons, the parties request that all discovery, including all deadlines to confer and report pursuant to Rule 26(f), be stayed pending further order of this Court. I certify that on January 31, 2025 I obtained the consent of Plaintiff's counsel to submit this letter as a joint application.

      Respectfully submitted,

James Jantarasami
*Attorney for Defendant Baggu Corporation*

Cc:    ASHER COHEN PLLC
        2377 56th Dr,
        Brooklyn, NY 11234
        (718) 914-9694
        Acohen@ashercohenlaw.com
        *Attorney for Plaintiff*