UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMANIE RILEY, on behalf of herself and all others similarly situated,<br><br>      Plaintiff,<br> v.<br><br>BAGGU CORPORATION,<br><br>      Defendant. | Case No. 1:24-cv-09000-HJR |

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Dated: February 24, 2025
    New York, New York

              JAMES JANTARASAMI, ESQ.
              LAW OFFICE OF JAMES JANTARASAMI
              3 Columbus Circle, 15th Fl.
              New York, NY 10019
              (212) 324-1480
              *Attorney for Defendant Baggu Corporation*

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES**..................................................................................................i

**PRELIMINARY STATEMENT**......................................................................................... - 1 -

**STATEMENT OF THE CASE** ........................................................................................... - 1 -

**ARGUMENT** ........................................................................................................................ - 2 -

    I.       The applicable legal standard requires Plaintiff to plausibly allege an injury-in-fact arising from Defendant's actions or omissions.......................................................... - 2 -

    II.      The Amended Complaint remains purely formulaic, conclusory and outlandish with respect to its allegations of injury; such legal conclusions couched as factual assertions do not warrant any deference by this Court and should not suffice to open the door to protracted and costly discovery................................................................................. - 5 -

    III.     Plaintiff's state and city law claims stand or fall together with her ADA claims; her declaratory judgment cause of action is not properly characterized as an independent claim but is merely a request for relief ....................................................................... - 7 -

**CONCLUSION**..................................................................................................................... - 8 -

## TABLE OF AUTHORITIES

**CASES**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................ 2, 5

*Bernstein v. City of New York*,
  621 F. App'x 56 (2d Cir. 2015) (summary order) .................................................... 4

*Calcano v. Swarovski N. Am. Ltd.*,
  36 F.4th 68 (2nd Cir. 2022) ............................................................................ 1, 2, 3, 5

*Dominguez v. Athleta LLC*,
  2021 WL 918314 (S.D.N.Y. Mar. 10, 2021) ............................................................ 3

*Dominguez v. Grand Lux Cafe LLC*,
  2020 WL 3440788 (S.D.N.Y. June 22, 2020) (Hon. Vyskocil, D.J.) .................... 3, 6

*Harty v. Greenwich Hosp. Grp., LLC*,
  536 F. App'x 154 (2d Cir. 2013) (summary order) .................................................. 3

*Harty v. West Point Realty, Inc.*,
  28 F. 4th 435 (2nd Cir. 2022) .......................................................................... 2, 4, 5

*Kennedy v. Floridian Hotel, Inc.*,
  998 F.3d 1221 (11th Cir. 2021) ................................................................................. 2

*Kolari v. New York-Presbyterian Hosp.*,
  455 F.3d 118 (2d Cir. 2006). ...................................................................................... 7

*Kreisler v. Second Ave. Diner Corp.*,
  731 F.3d 184 (2d Cir. 2013) ....................................................................................... 3

*Laufer v. Ganesha Hosp.*,
  0:21-cv-00995 (2nd Cir. 2022) (summary order entered July 5, 2022) ..................... 2

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992) ................................................................................................... 3

*Parker v. Columbia Pictures Indus.*,
  204 F.3d 326 (2d Cir. 2000) ....................................................................................... 7

*Range v. 535 Broadway Grp. LLC*,
  2019 WL 4182966 (S.D.N.Y. Sept. 3, 2019) ............................................................ 7

*Spokeo v. Robins*,
  578 U.S. 330 (2016) ................................................................................................... 3

*TransUnion LLC v. Ramirez*,
  141 S. Ct. 2190, 210 L.Ed.2d 568 (2021) ............................................................. 3, 4

**STATUTES**

42 U.S.C. 12181, et seq. .................................................................................................. 1

**RULES**

Fed. R. Civ. P. 12(b)(1) ............................................................................................... 1, 8
Fed. R. Civ. P. 12(b)(6) ........................................................................................... 1, 7, 8

**PRELIMINARY STATEMENT**

Defendant Baggu Corporation ("Defendant") respectfully submits this memorandum of law in support of its pre-answer motion to dismiss Plaintiff's First Amended Complaint dated February 10, 2025 (the "Amended Complaint" or "Compl.") [ECF No. 18] pursuant to FRCP 12(b)(1) and 12(b)(6).  In further support of its motion, Defendant submits the annexed declaration of James Jantarasami, Esq. of even date herewith (the "Jantarasami Decl.").

**STATEMENT OF THE CASE**

Plaintiff Amanie Riley ("Plaintiff" or "Ms. Riley") is a serial ADA litigant who resides in Westchester County, New York.[1]  In the last 10 months, Ms. Riley has filed at least 47 virtually identical complaints (the "Carbon-Copy Cases") in this District, all alleging in boilerplate fashion that various consumer-facing retail websites have violated Title III of the Americans with Disabilities Act, 42 U.S.C. 12181, et seq. (the "ADA") by failing to design their websites in such a way as to meet the highest standards for web accessibility to the blind and visually-impaired.  A PACER search result page identifying the Carbon-Copy Cases as of February 24, 2025 is annexed to the Jantarasami Decl. as **Exhibit A**.

In response to the undersigned's initial motion to dismiss dated January 27, 2025 [ECF No. 14] directed against her original pleading (the "Original Complaint") [ECF No. 1], Ms. Riley was given the opportunity to and did amend the Original Complaint, presumably in an effort to enlarge her factual allegations.  Notably, Plaintiff has provided no redline or document comparison to the Court or to Defendant, indicating in what way the Amended Complaint differs from the Original Complaint.  Yet, in the absence of a redline, it is nonetheless evident from a

---

[1] Compl. ¶ 15.

cursory review that the Amended Complaint is strikingly similar to the Original Complaint. There appear to be edits only at Paragraphs 36 and 37 – where Plaintiff makes a halfhearted effort to flesh out her alleged injury-in-fact to support her standing to sue.

This Court should take judicial notice that the contents of the Amended Complaint in this action remain substantively identical to those in the Carbon-Copy Cases, with only the party names, website addresses, and similar "fill-in-the-blank" details swapped out. Against the backdrop of the "hundreds of substantively identical [Title III] lawsuits filed in the Southern District of New York" utilizing "transparent cut-and-paste and fill-in-the-blank pleadings," *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 73 and 77 (2nd Cir. 2022), the Second Circuit has issued a spate of rulings in recent years applying heightened scrutiny to ADA plaintiffs' standing to sue.  *See, e.g., id.; Harty v. West Point Realty, Inc.*, 28 F. 4th 435 (2nd Cir. 2022); *Laufer v. Ganesha Hosp.*, 0:21-cv-00995 (2nd Cir. 2022) (summary order entered July 5, 2022).

In the case at bar, Defendant contends that the Amended Complaint fails to plausibly allege that Plaintiff suffered, or is at imminent risk of suffering, an injury in fact sufficient to establish her standing to sue – particularly in view of the fact that she serves as a named plaintiff in 46 other, strikingly similar ADA cases filed in this District in the last 10 months.

## ARGUMENT

I. **The applicable legal standard requires Plaintiff to plausibly allege an injury-in-fact arising from Defendant's actions or omissions**

Although as a general rule the Court will accept the truth of a plaintiff's allegations at the motion to dismiss stage, the plaintiff nevertheless "bears the burden of alleging

facts that affirmatively and **plausibly** suggest that [he/she] has standing to sue." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (emphasis supplied).  Assessing plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense," and does not require the court to credit "a legal conclusion couched as a factual allegation" or a "naked assertion devoid of further factual enhancement." *Id*. at 678.  The central inquiry is not whether a complaint pleads magic words amounting to a bare assertion of injury, but if, "examined under the 'totality of all relevant facts,' the plaintiff plausibly alleges a real and immediate threat of future injury." *Calcano*, 36 F.4th at 75, *quoting Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1233 (11th Cir. 2021).

A plaintiff bringing a claim pursuant to the ADA bears the burden of establishing her standing by showing that: (a) she has suffered an injury-in-fact under the ADA; (b) it is reasonable to infer that the complained-of discrimination will continue; and (c) it is reasonable to infer that plaintiff intends to return to the defendant's place of business in the future. *See Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2d Cir. 2013). The Supreme Court has repeatedly emphasized that the alleged injury in fact "must affect the plaintiff in a personal and individual way," *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) and – crucially to this case – "must actually exist" in the sense of being "'real,' and not 'abstract.'"  *Spokeo v. Robins*, 578 U.S. 330, 340 (2016).  In this regard, a bare or technical violation of the ADA, without more, does not equate to a concrete injury suffered by any litigant.  Rather, a plaintiff must show a current or past harm beyond the statutory violation itself.  *See TransUnion LLC v. Ramirez,* 141 S. Ct. 2190, 2204–07, 210 L.Ed.2d 568 (2021).

An ADA plaintiff "may not rely solely on past injury, but also must establish that she is likely to be harmed again in the future in a similar way… allegations of *possible* future

- 3 -

injury are not sufficient." *Calcano*, 36 F.4th at 74 (internal citations omitted) (emphasis in original). To establish the likelihood of such future harm, "[t]he plaintiff must allege specific facts that 'show a plausible intention or desire to return to the place but for the barriers to access.'" *Dominguez v. Grand Lux Cafe LLC*, 2020 WL 3440788 at *3 (S.D.N.Y. June 22, 2020); *see also Dominguez v. Athleta LLC*, 2021 WL 918314 at *3 (S.D.N.Y. Mar. 10, 2021) (fact of filing "at least 24 nearly identical complaints against other retailers… undermines the sincerity of Plaintiff's alleged intent to return"); *Harty v. Greenwich Hosp. Grp., LLC*, 536 F. App'x 154, 155 (2d Cir. 2013) (summary order) (pleading that one travels frequently does not show intent to return to a specific hotel); *Bernstein v. City of New York*, 621 F. App'x 56, 58–59 (2d Cir. 2015) (summary order) (alleging that one has visited Central Park many times in the past is not sufficient to show intent to return in the future).

In *Harty v. West Point Realty, Inc.*, supra, the Second Circuit rejected the "informational injury" theory of standing on which Plaintiff appears to rely, holding that even if an ADA plaintiff can allege that the defendant's website failed to provide information to which he/she is entitled by the ADA, he/she must also allege "downstream consequences from failing to receive the required information… In other words, [plaintiff] must show that he has an interest in using the information… beyond bringing [his] lawsuit." *Harty, supra*, 28 F. 4th at 444 (internal quotations omitted); *see also TransUnion*, 141 S. Ct. at 2214. The plaintiff in *Harty* was a so-called "tester" who merely browsed the websites of potential defendants for the purpose of determining whether those sites complied with ADA requirements, without ever having any intention of becoming a customer himself. Because the *Harty* plaintiff had not plausibly alleged a bona fide interest in visiting the defendant's hotel, he had failed to establish Article III standing to sue. *See Harty, id.* at 444.

II. **The Amended Complaint remains purely formulaic, conclusory and outlandish with respect to its allegations of injury; such legal conclusions couched as factual assertions do not warrant any deference by this Court and should not suffice to open the door to protracted and costly discovery**

By way of establishing injury in this case, the Amended Complaint rehashes the central allegation of the Original Complaint—namely, that Ms. Riley 'browsed and intended to make an online purchase of a lunch bag' on November 4, 2024, but was unable to do so due to alleged access barriers, a mere three weeks before commencing this action.[2]  We are told that Ms. Riley "often goes on picnics with her friends" and "needed a food bag that would keep her meals fresh for an extended period."[3]  Like the Original Complaint, the Amended Complaint indicates that she was able to navigate to the desired item and add it to her "Cart."[4] Yet, the Amended Complaint goes on to make – without explanation – the contradictory assertion that Ms. Riley was "unable to use the cart button" on Defendant's website and thus unable to complete the transaction online.[5]  Ms. Riley does not allege that the "Puffy Lunch Bag" she supposedly wants is exclusively available via Defendant's website; in fact, she states that after identifying the item, she planned "to visit Baggu's physical store at 91 Grand Street, New York, NY 10013, that weekend to complete her purchase in person."[6]  She does not explain why she did not visit the store or how the website could have interfered with her efforts to complete an in-store transaction.  But in any case, if obtaining the lunch bag were Plaintiff's true objective, surely a visit to Defendant's SoHo store (a "convenient destination for her" where she frequently

---

[2] Compl. ¶ 10.
[3] Compl. ¶ 36.
[4] Compl. ¶ 32(m).
[5] Compl. ¶ 36.
[6] Compl. ¶ 36.  Presumably, the "weekend" refers to the weekend of November 9-10, 2024.

shops on weekends)[7] would have been a sensible alternative to federal litigation.

Appealing to this Court's judicial experience and common sense, as *Iqbal* instructs, the undersigned submits that Plaintiff's allegations of injury are preposterous and should not be reflexively credited as true in the context of this motion to dismiss. Moreover, they do not amount to the actual, concrete and particularized harm required to survive a motion to dismiss. In *Calcano*, supra, the Second Circuit rejected the ADA plaintiffs' "Mad-Libs-style complaints" – which arose out of certain retail store defendants' failure to carry braille gift cards – as being unsupported by a plausible claim of injury. 36 F.4th at 77-78. The *Calcano* plaintiffs, like Ms. Riley, parroted the statutory language in their pleadings, reciting the magic formula for relief in connection with their purportedly failed purchases from the defendants (gift cards in the *Calcano* case, a lunch bag in the instant case). However, the *Calcano* plaintiffs "never explain[ed] why they want[ed] those cards in the first place," and failed to plausibly establish that plaintiffs "intended to return" to defendants' places of business. *Id.* at 77; *see also Harty,* 28 F. 4th at 443 (allegation that "in the near future" plaintiff intends to "utilize the website to reserve a guest room" was insufficiently imminent to create an injury in fact).

This Court should not close its eyes to the reality that there is a practically limitless selection of other coolers or insulated lunch bags available online, equally suitable for Plaintiff's picnicking use-case. Lunch bags are hardly unique or specialized goods. She offers no detail as to why she needs Baggu's particular product as opposed to the many other competing goods. *See Calcano*, supra, 36 F.4th at 77. Her anomalous claim that she was unable to obtain basic product information about the Puffy Lunch Bag, moreover, undercuts her claim

---

[7] Compl. ¶ 36. The Amended Complaint introduces a new inconsistency around Ms. Riley's residency: in Par. 15 we are told that she is a Westchester County resident, while in Par. 36 she lives in the Bronx, 15 miles from Baggu's SoHo store.

that she ever really liked its style, or wants or still intends to purchase one.[8]

Finally, the Amended Complaint's real-world plausibility is eroded by how suspiciously similar it is to the pleadings Ms. Riley has filed in the Carbon Copy Cases. The Amended Complaint does not include any factual context that would make it plausible to suppose that Ms. Riley ever intends to return to Baggu's website or has any *bona fide* intention of otherwise becoming a Baggu customer. She does not allege that she has ever been a customer of Baggu in the past. Viewed in the larger context of the Carbon-Copy Cases, it is clear that Ms. Riley visited Defendant's website, if at all, solely for the purpose of identifying another target against whom to bring this mass-produced lawsuit. As the Hon. Mary Kay Vyskocil observed in *Dominguez v. Grand Lux Cafe LLC*, supra, addressing a generic ADA complaint that had been used to file dozens of identical cases: "those who live by the photocopier shall die by the photocopier where they fail specifically to assert any concrete injury." 2020 WL 3440788 at *8 (internal quotations omitted). It is absurd to suppose that Plaintiff has any genuine interest in purchasing Defendant's goods, under the circumstances presented. Accordingly, Plaintiff has not suffered a particularized or concrete injury in fact, and the Amended Complaint must be dismissed under Fed. R. Civ. P. 12(b)(1) and/or 12(b)(6).

III. **Plaintiff's state and city law claims stand or fall together with her ADA claims; her declaratory judgment cause of action is not properly characterized as an independent claim but is merely a request for relief**

Plaintiff's Second, Third and Fourth Causes of action raise claims ("Parallel Claims") under the New York State Human Rights Law ("NYSHRL"), the New York State Civil Rights Law ("NYSCRL"), and New York City Human Rights Law ("NYCHRL").[9] The Parallel

---

[8] Compl. ¶ 36.
[9] Compl. ¶¶ 69-108.

- 7 -

Claims are premised upon the same factual allegations that Plaintiff's ADA claims are based upon; there are no new or additional facts specific to the Parallel Claims. Courts evaluate such ancillary disability discrimination claims, made under parallel state and city statutes, according to the same standards as those applied to the main ADA claims. *See, e.g., Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 332 n.1 (2d Cir. 2000); *Range v. 535 Broadway Grp. LLC*, 2019 WL 4182966 at *6 (S.D.N.Y. Sept. 3, 2019) (failure to state a claim under the ADA means that NYSHRL and NYSCRL claims also fail).

If this Court dismisses Plaintiff's ADA claims under the First Cause of Action, it should likewise dismiss the Parallel Claims for failure to state a cause of action, or in the alternative, dismiss them pursuant to 28 U.S.C. § 1367(c) because there would be no remaining federal question in the case. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006).

Finally, the Court should dismiss Plaintiff's Fifth Cause of Action as improperly pled.[10] It is self-evident that the Fifth Cause of Action is not properly characterized as an independent claim but is merely a request for declaratory relief that hinges entirely on the success of her underlying statutory claims. As such, it is duplicative of the First, Second, Third and Fourth Causes of Action.

## CONCLUSION

For all of the above reasons, Defendant respectfully requests that the motion be granted in its entirety, and that this Court issue an order:

A.  Dismissing the Amended Complaint pursuant to FRCP 12(b)(1) and/or 12(b)(6),

---

[10] Compl. ¶¶ 109-111.

with prejudice and without leave for Plaintiff to further amend; and

B.  Granting such other and further relief as may be deemed just and proper.

Dated: February 24, 2025
New York, New York

Respectfully submitted,

LAW OFFICE OF JAMES JANTARASAMI
3 Columbus Circle, 15th Fl.
New York, NY 10019
(212) 324-1480
*Counsel for Defendant*

By: \_/s/ James Jantarasami\_\_\_\_\_
    James Jantarasami

- 9 -