UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMANIE RILEY, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>BAGGU CORPORATION,<br><br>        Defendant. | Case No.: 1:24-cv-09000-HJR |

# PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Dated: March 24, 2025
      New York,

                                                **EQUAL ACCESS LAW GROUP, PLLC**
                                                        */s/Asher Cohen*
                                                         Asher Cohen, Esq.
                                                         68-29 Main Street
                                                         Flushing, NY 11367
                                                         Ph: 718-914-9694

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES……………………………………………………………….i

I. PRELIMINARY STATEMENT………………………………………………………… 1

II. STATEMENT OF THE CASE……………………………………………………………. 2

III. STANDARD OF REVIEW……………………………………………………………… 3

IV. LEGAL ARGUMENT……………………………………………………………………. 6

  A.  PLAINTIFF HAS ALLEGED SUFFICIENT FACTS IN THE FIRST AMENDED COMPLAINT TO CONFER ARTICLE III STANDING AND AN INJURY-IN-FACT TO DENY A MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION………………………………………………………..………….…6

    i.  Plaintiff has suffered an injury-in-fact under the ADA…………………………….6

    ii.  It is reasonable to infer that the discrimination on the Website will continue………….9

    iii.  Plaintiff has established an intent to return to the Website in the future………………10

  B.  THE FACT THAT PLAINTIFF FILED OTHER WEBISTE ACCESSIBILITY-BASED SUITS DOES NOT MEAN SHE HAS NOT DEMONSTRATED ARTICLE III STANDING IN THIS CASE…………………………………….…………………….…..… 12

  C.  PLAINTIFF'S NYCHRL CLAIMS SURVIVE AND PLAINTIFF IS ENTITLED TO PUNITIVE DAMAGES, CIVIL PENALTIES, AND FINES UNDER THE NYCHRL. 14

  D.  CONCLUSION…………………………………………………………………… 16

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .................................................................................. 6, 15

*Bautz v. ARS Nat'l Servs.*, 226 F. Supp. 3d 131 (E.D.N.Y. 2016) ................................................. 3

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ......................................................................... 6

*Bernstein v. City of New York*, 621 F. App'x 56 (2d Cir. 2015) ................................................... 4

*Cabrera v. City of N.Y.*, 2014 NY Slip Op 30533(U) (Sup. Ct.) .................................................. 15

*Calcano v. Swarovski North America Ltd.*, 36 F.4th 68, 76 (2d Cir. 2022) ............... 10, 11, 12, 13

*Carter v. HealthPort Techs., LLC*, 822 F.3d 47 (2d Cir. 2016) ..................................... 3, 4, 12, 16

*Chalas v. Barlean's Organic Oils, LLC*, No. 22 Civ 04178 (CM), 2022 U.S. Dist. LEXIS 211816 (S.D.N.Y. Nov. 22, 2022) ........................................................................................... 8, 11

*Cleveland v. Caplaw Enters.*, 448 F.3d 518 (2d Cir. 2006) ........................................................... 5

*Donet v. Isamax Snacks, Inc.*, No. 1:23-cv-01286 (PAE) (SDA), 2023 U.S. Dist. LEXIS 141913 (S.D.N.Y. Aug. 14, 2023) ............................................................................................. 8

*DPWN Holdings (USA), Inc. v. United Air Lines, Inc.*, 871 F. Supp. 2d 143 (E.D.N.Y. 2012) ..... 6

*Exchange Nat'l Bank of Chi. V. Touche Ross & Co.*, 544 F.2d 1126 (2d Cir. 1976) ..................... 4

*Feltenstein v. City of New Rochelle*, 254 F. Supp. 3d 647 (S.D.N.Y. 2017) ................................. 7

*Foster v. FEMA*, 128 F. Supp. 3d 717 (E.D.N.Y. 2015) ................................................................ 6

*Harry v. Total Gas & Power N. Am., Inc.*, 889 F.3d 104 (2d Cir. 2018) ....................................... 4

*Heckler v. Mathews*, 465 U.S. 728 (1984) ..................................................................................... 7

*Jaquez v. Dermpoint, Inc.*, No. 20-CV-7589 (JPO), 2021 U.S. Dist. LEXIS 96067 (S.D.N.Y. May 20, 2021) ................................................................................................................ 8

*John v. Whole Foods Market Group, Inc.*, 858 F.3d 732 (2d Cir. 2017) ....................................... 8

*Katz v. Donna Karan Co.*, L.L.C., 872 F.3d 114 (2d Cir. 2017) .................................................... 4

*Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184 (2d Cir. 2013) ...................................... 5, 6, 9

*Loadholt v. ShirtSpace*, No. 22-CV-02870 (ALC), 2023 U.S. Dist. LEXIS 36924 (S.D.N.Y. Mar. 6, 2023) ................................................................................................................. 11

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) .................................................................... 3

*Maddy v. Life Time, Inc.*, No. 22-cv-5007 (LJL), 2023 U.S. Dist. LEXIS 115503 (S.D.N.Y. July 5, 2023) ............................................................................................................. 11, 14

*Mary Jo C. v. N.Y.S. & Local Ret. Sys.*, 707 F.3d 144 (2d Cir. 2013) ......................................... 18

*Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86 (2d Cir. 2010) .................................................................................................................. 6

*Packer v. Raging Capital Mgmt.*, LLC, 242 F. Supp. 3d 141 (E.D.N.Y. 2017) .............................. 6

*Pustilnik v. Battery Park City Auth.*, 71 Misc. 3d 1058 (Sup. Ct. 2021) ................................ 15, 16

*Shain v. Ellison*, 356 F.3d 211 (2d Cir. 2004) ............................................................................... 4

*Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016) ................................................................................. 3

*Tavarez v. Moo Organic Chocolates, LLC*, 623 F. Supp. 3d 365 (S.D.N.Y. 2022) ....................... 9

*Tavarez v. Moo Organic Chocolates, LLC*, 641 F. Supp. 3d 76 (S.D.N.Y. 2022) ................. 10, 13

*Thompson v. Equifax Info. Servs. LLC*, No. 20-CV-6101 (RPK) (ST), 2022 U.S. Dist. LEXIS 32935 (E.D.N.Y. Feb. 24, 2022) ................................................................................... 4

*Walters v. Fischer Skis U.S., LLC*, No. 6:21-CV-1115 (LEK/ATB), 2022 U.S. Dist. LEXIS 142148 (N.D.N.Y. Aug. 10, 2022) ............................................................................... 8

*Williams v. Rhea*, No. 10-CV-5440 (FB), 2012 U.S. Dist. LEXIS 99244 (E.D.N.Y. July 17, 2012) ............................................................................................................................ 7

**Statutes**

42 U.S.C. § 12182 .......................................................................................................................... 1

N.Y.C. Admin. Code § 8-101 ........................................................................................................ 1

U.S. Const., Art. III, § 2 ................................................................................................................. 3

**Rules**

Fed. R. Civ. P. 12(b)(1) .................................................................................................................. 3

Fed. R. Civ. P. 12(b)(6) .................................................................................................................. 5

**I. PRELIMINARY STATEMENT**

Defendant Baggu Corporation, ("Baggu" or "Defendant") moved under 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Plaintiff's First Amended Complaint dated February 10, 2025 [ECF No. 18]. Plaintiff's claims are brought under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182, *et seq.*, the New York State Human Rights Law, N.Y. Exec. Law Article 15 (Executive Law § 292 et seq.), the New York State Civil Rights Law, NY CLS Civ R, Article 4 (CLS Civ R § 40 et seq.), and the N.Y.C. Admin. Code § 8-101 *et seq.* Defendant argues that this Court lacks subject-matter jurisdiction because Plaintiff Amanie Riley ("Riley" or "Plaintiff") does not have Article III standing under the ADA, specifically alleging that Plaintiff has failed to plead adequate facts to support her allegations of an injury-in-fact, as well as her intent to return to the Website. Second, Defendant argues that this Court should dismiss Plaintiff's First Amended Complaint because the factual assertions are conclusory and again fail to assert an injury-in-fact. Next, Defendant argues that Plaintiff's Second, Third, and Fourth Causes of Action in their Amended Complaint are ancillary disability discrimination claims and should be dismissed if the ADA claim is dismissed for failure to state a cause of action, or in the alternative to be dismissed for lack of federal question. Lastly, Defendant moves for the Plaintiff's fifth cause of action to be dismissed as it hinges on the success of her underlying statutory claims.

As will be discussed further below, this Court should deny Defendant's Motion to Dismiss in its entirety. First, this Court has subject-matter jurisdiction over this case because Plaintiff has satisfied the jurisdictional requirements of Article III by alleging (i) a particularized interest in the a food bag that would keep her meals fresh for an extended period, a product for sale on Defendant's Website; (ii) the specific accessibility issues she encountered while attempting to

1

navigate the Website; and (iii) a plausible and justifiable intent to return to the Website once the accessibility issues are remediated. As Plaintiff's factual allegations in their First Amended Complaint are not conclusory, they should not be dismissed. For the same reasons, Plaintiff's state law claims should not be dismissed.

## II. STATEMENT OF THE CASE

Plaintiff is a visually-impaired and legally blind person who requires screen-reading software to read website content using the computer. *See* First Amended Complaint, ¶ 2. For screen-reading software to function, the information on a website must be capable of being rendered into text and must be useable without a mouse. *Id.* at ¶¶ 29-33. If the website content is not capable of being rendered into text, or requires the use of a mouse, a blind or visually-impaired user is unable to access the same content that is available to sighted users. *Id.* Defendant owns and operates the website, www.Baggu.com (the "Website"). *Id.* at ¶ 24. The Website allows users to buy bags and accessories, make purchases, and perform a variety of other functions, for online sale and general delivery to the public. *Id.* at ¶¶ 25-26. Specifically, the Website offers features which ought to allow users to browse for items, connect with Baggu Corporation on social media platform, including Instagram, allowing customers to purchase crossbody bags, purses, totes, backpacks, pouches, lunch bags, towels, socks, slippers, and other products for delivery to their doorsteps; learning about shipping and return policies; and learning about the company, amongst other features. *Id*.

Plaintiff wanted to purchase a bag and settled on Defendant's product; the Puffy Lunch Bag, priced under $50. *Id.* at ¶ 36. Plaintiff wanted to purchase this particular bag because she wanted to prepare special meals and needed a food bag that would keep her meals fresh for an extended period of time. *Id*. She also wanted a high-end style bag at an affordable price. Plaintiff

2

then attempted to visit Defendant's website using her screen-reading software and to purchase the bag. *Id*. However, she encountered multiple barriers that have denied her full and equal access to Defendant's online goods, content, and services. *Id*. at ¶ 32. Due to Defendant's failure to build the Website in a manner that is compatible with screen-reading programs, Plaintiff was unable to understand and properly interact with the Website, and was thus denied the benefit of purchasing the bag. *Id.* at ¶ 35. Contrary to Defendant's assertion otherwise, Plaintiff's Complaint specifically describes the ways in which the Website was incompatible with her screen-reading software. *Id.* at ¶ 32. Despite this direct harm and frustration that Plaintiff has already suffered due to the inaccessibility of the Website, Plaintiff nevertheless intends to access the Website in the future if it is made accessible. *Id.* at ¶ 37.

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) permits a defendant to assert in a motion to dismiss that a plaintiff lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Article III of the U.S. Constitution limits the jurisdiction of federal courts to "cases" and "controversies," which is rooted in the concept of standing. U.S. Const., Art. III, § 2; *Bautz v. ARS Nat'l Servs.*, 226 F. Supp. 3d 131, 137 (E.D.N.Y. 2016). To assert federal subject-matter jurisdiction, a party must have Article III standing. *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 55 (2d Cir. 2016). The United States Supreme Court has established that standing consists of three elements: "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 n.1 (1992)). When a plaintiff seeks injunctive relief, she must also prove that the identified injury in fact presents a "real and immediate threat of future injury" often termed a "likelihood of future

harm." *Bernstein v. City of New York*, 621 F. App'x 56, 57 (2d Cir. 2015) (summary order) (quoting *Shain v. Ellison*, 356 F.3d 211, 215-16 (2d Cir. 2004)).

The Second Circuit draws a distinction between two types of Rule 12(b)(1) motions challenging federal subject-matter jurisdiction: facial challenges and fact-based challenges. *Carter,* 822 F.3d at 56-57; *see also Katz v. Donna Karan Co.*, L.L.C., 872 F.3d 114, 119 (2d Cir. 2017). A facial challenge is "based solely on the allegations of the complaint or the complaint and exhibits attached to it." *Carter*, 822 F.3d at 56. Under a facial challenge, a plaintiff must "allege facts that affirmatively and plausibly suggest that [the plaintiff] has standing to sue." *Id*. In order to make that determination, a court must accept the complaint's allegations as true "and draw all reasonable inferences in favor of the plaintiff." *Id.* at 57 (citation omitted). In a fact-based challenge, a defendant may proffer evidence beyond the pleadings. *Id.* at 55. To oppose a fact-based challenge to subject-matter jurisdiction, a plaintiff must present controverting evidence "if the affidavits submitted on a 12(b)(1) motion . . . reveal the existence of factual problems" with respect to jurisdiction. *Id.* (quoting *Exchange Nat'l Bank of Chi. V. Touche Ross & Co.*, 544 F.2d 1126, 1131 (2d Cir. 1976)).

"In reviewing standing under the ADA, a broad view of constitutional standing is appropriate because private enforcement suits are the primary method of obtaining compliance with the Act." *Camacho v. Vanderbilt Univ.*, 2019 U.S. Dist. LEXIS 209202, at *25 (S.D.N.Y. Dec. 4, 2019). The threshold for Constitutional standing is appreciably lower on a 12(b)(1) motion than it is, for example, on a motion under 12(b)(6). *See Thompson v. Equifax Info. Servs. LLC*, No. 20-CV-6101 (RPK) (ST), 2022 U.S. Dist. LEXIS 32935, at *13-14 (E.D.N.Y. Feb. 24, 2022) ("Yet, here, we are at the pleading stage where general factual allegations of injury are sufficient to plead standing."); *see also Harry v. Total Gas & Power N. Am., Inc.*, 889 F.3d 104, 110 (2d Cir. 2018)

4

("It is well established in principle that the pleading standard for constitutional standing is lower than the standard for a substantive cause of action.").

Article III standing requires a plaintiff to show "(i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423, 141 S.Ct. 2190, 210 L.Ed.2d 568 (2021). Standing limitations ensure that the plaintiff has a "personal stake" in the case, as "a federal court may resolve only 'a real controversy with real impact on real persons.' " *Id.* (quoting *Am. Legion v. Am. Humanist Ass'n*, 588 U.S. 29, 87, 139 S.Ct. 2067, 204 L.Ed.2d 452 (2019) (Gorsuch, J., concurring)).

In the ADA context, the Second Circuit has found standing "where (1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer . . . that plaintiff intended to return to the [public accommodation]." *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187-88 (2d Cir. 2013). These are what are now known as the *Kreisler* factors. "To satisfy standing in ADA website cases specifically, courts in this district have required the plaintiff to allege certain facts in detail, including when they attempted to access to the website, what they were attempting to do on the website, the specific barriers that prevented them from gaining access, and how they intend to utilize the website in the future." *Angeles v. Grace Prods.*, No. 20-cv-10167 (AJN), 2021 U.S. Dist. LEXIS 182317, at *3-4 (S.D.N.Y. Sep. 23, 2021) (citing cases).

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to assert in a motion to dismiss that a plaintiff has failed to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). However, when reviewing a motion to dismiss, a court must accept all factual allegations in the complaint as true and draw all reasonable inferences in plaintiff's favor. *Cleveland v. Caplaw*

5

*Enters.*, 448 F.3d 518, 521 (2d Cir. 2006). The complaint must allege "a plausible set of facts sufficient to raise a right to relief above the speculative level." *Foster v. FEMA*, 128 F. Supp. 3d 717, 722 (E.D.N.Y. 2015) (citing *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010)).

A claim is plausible on its face when it sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Packer v. Raging Capital Mgmt.*, LLC, 242 F. Supp. 3d 141, 146 (E.D.N.Y. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)). This does not require a heightened pleading of factual specifics. *See Foster*, 128 F. Supp. 3d at 722 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). However, a complaint that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions devoid of further factual enhancement" will not suffice. *DPWN Holdings (USA), Inc. v. United Air Lines, Inc.*, 871 F. Supp. 2d 143, 161 (E.D.N.Y. 2012) (citation omitted). Nevertheless, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely." *Id.* (citation omitted).

## IV. LEGAL ARGUMENT

### A. PLAINTIFF HAS ALLEGED SUFFICIENT FACTS IN THE FIRST AMENDED COMPLAINT TO CONFER ARTICLE III STANDING AND AN INJURY-IN-FACT TO DENY A MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION.

#### i. Plaintiff has suffered an injury-in-fact under the ADA.

Plaintiff has adequately alleged past injury, the first *Kreisler* factor, by alleging that on November 4, 2024, while attempting to access the Website and purchase the bag she encountered the following errors: "While navigating the website, she encountered an inaccessible navigation menu, improperly structured headings, and ambiguous elements labeled as headings, which

6

disrupted her ability to browse. On the Product Detail page of the 'Puffy Lunch Bag,' she found that product images lacked descriptive text, preventing her from fully understanding the item. Additionally, the links meant to showcase different color options were ambiguous and did not describe the patterns or shades available. Critically, Plaintiff was unable to use the cart button, preventing her from proceeding with checkout. Due to these barriers, she could not access full product descriptions, navigate the website independently, or complete her purchase online." *See* First Amended Complaint, ¶ 36.

Contrary to Defendant's assertion, Plaintiff *has* suffered harm by the very nature of discrimination itself. *See Feltenstein v. City of New Rochelle*, 254 F. Supp. 3d 647, 655 (S.D.N.Y. 2017) ("If a barrier violating [the ADA] standards relates to a plaintiff's particular disability, it is understood to impair the plaintiff's full and equal access, which constitutes discrimination under the ADA [and] is considered to satisfy the 'injury-in-fact' element[.]"); *see also Williams v. Rhea*, No. 10-CV-5440 (FB), 2012 U.S. Dist. LEXIS 99244, at *6 (E.D.N.Y. July 17, 2012) ("Being subjected to discrimination in violation of [the ADA's] provisions is itself an injury sufficient to confer Article III standing."); *Heckler v. Mathews*, 465 U.S. 728, 739-40 (1984) ("Discrimination itself, by perpetuating 'archaic and stereotypic' notions or by stigmatizing members of the disfavored group as 'innately inferior' and therefore as less worthy participants in the political community, can cause serious noneconomic injuries to those persons who are personally denied equal treatment solely because of their membership in a disfavored group.").

These allegations are sufficient to survive a 12(b)(1) motion. *See Angeles*, 2021 U.S. Dist. LEXIS 182317 at *4-5 (finding past injury where the plaintiff explained in a supplemental affidavit that "(1) her screen-reading software was unable to discern which products were on the screen and distinguish between different screens on the website due to the failure of the website to adequately

7

describe its content and (2) she encountered problems with broken links that prevented her from using the screen reader to return to her search."); *see also Camacho,* 2019 U.S. Dist. LEXIS 209202, at *26 (past injury established where plaintiff alleged that the website's "navigation tabs were incompatible with his screen-reading software" and plaintiff was "unable to utilize the Website's net price calculator because that page was also incompatible with his screen-reading software."); *Walters v. Fischer Skis U.S., LLC*, No. 6:21-CV-1115 (LEK/ATB), 2022 U.S. Dist. LEXIS 142148, at *9-11 (N.D.N.Y. Aug. 10, 2022) (plaintiff adequately alleged past injury by identifying access barriers on the website in the "'Remember' and 'Compare' buttons, the cart confirmation window, and the 'Freeride' product page."); *Chalas v. Barlean's Organic Oils, LLC*, No. 22 Civ 04178 (CM), 2022 U.S. Dist. LEXIS 211816, at *6 (S.D.N.Y. Nov. 22, 2022) (allegations that plaintiff encountered various access barriers sufficient to establish past injury, including that "the screen reader failed to inform Plaintiff about whether a selected item had been added to her shopping cart, did not provide Plaintiff with the ability to pay for items in her cart; and failed to read various pieces of information on the website.").

      Nor is it necessary to allege these barriers with any more detail given the low pleading threshold of Rule 8. *See John v. Whole Foods Market Group, Inc.*, 858 F.3d 732, 738 (2d Cir. 2017) ("We have repeatedly described [the injury-in-fact] requirement as a 'low threshold.'"); *see also Donet v. Isamax Snacks, Inc.*, No. 1:23-cv-01286 (PAE) (SDA), 2023 U.S. Dist. LEXIS 141913, at *7 (S.D.N.Y. Aug. 14, 2023) ("Further detail on which locations on the website are out of compliance with the applicable statutes is not necessary at this stage because a complaint need not provide 'detailed factual allegations' to survive a motion to dismiss."); *Jaquez v. Dermpoint, Inc.*, No. 20-CV-7589 (JPO), 2021 U.S. Dist. LEXIS 96067, at *4-5 (S.D.N.Y. May 20, 2021) (concluding that general allegations of access barriers, including the website's failure to "describe

the contents of graphical images," "properly label title[s]," and "distinguish one page from another," as well as encountering "multiple broken links," were sufficient to survive a motion to dismiss and establish past injury); *Tavarez v. Moo Organic Chocolates, LLC*, 641 F. Supp. 3d 76, 81 (S.D.N.Y. 2022) (past injury established where plaintiff alleged that he encountered "certain difficulties" in navigating the website). Considering the "low threshold" of the injury-in-fact requirement and the deterrence Plaintiff has experienced while using Defendant's Website, she has adequately alleged past injury under the ADA.

      **ii. It is reasonable to infer that the discrimination on the Website will continue.**

In *Ross*, the complaint included a list of "violative conditions" at Central Park and alleged that plaintiff personally experienced the violations as a result of his blindness. *Ross v. City Univ. of New York*, 211 F. Supp. 3d 518 (E.D.N.Y. 2016). The court held that plaintiff satisfied the second *Kreisler* factor because it was "reasonable to infer" from the complaint that the alleged violations would continue. *Id.*

The Second Circuit in *Kreisler* reached a similar conclusion when the defendant's diner "ha[d] not indicated an intent to remedy th[e] barrier." *Kreisler*, 731 F.3d at 188. In *Woods*, the Plaintiff claims that when, on June 11, 2023, he "returned to the Property to document the ADA barriers," he identified that the "parking lot ha[d] received fresh asphalt" but that the same mobility-related barriers existed. (Dkt. No. 27-3, ¶¶ 8–9). *Woods v. Kasztl Walsh, LLC*, No. 622CV525BKSATB, 2023 WL 6442064 (N.D.N.Y. Oct. 3, 2023). A Defendant must establish an intent to remedy the discrimination, or it is reasonable to assume that it will continue.

      Here, Plaintiff has already been denied equal access to the Website. If she were to re-visit the Website as of the date of this filing, the same accessibility issues would be present. Defendant, in their lengthy motion to dismiss, has not stated any intent to fix their inaccessible

website. As the Website is actively inaccessible and there is no intent to fix it in the future, clearly it is reasonable to infer that the discrimination will continue.

### iii. Plaintiff has established an intent to return to the Website in the future.

Defendant relies heavily on the Second Circuit's holding in *Calcano v. Swarovski North America Ltd.* to establish that Plaintiff has not sufficiently evinced her intent to return to the Website once the accessibility barriers are remediated. 36 F.4th 68, 76 (2d Cir. 2022). Indeed, prior to *Calcano* and its immediate aftermath, courts consistently found Article III standing based on allegations establishing the basic facts of intent to return. *See Tavarez*, 641 F. Supp. 3d at 83 (distinguishing *Calcano*, which "'fail[ed] to provide *any* details about [plaintiffs'] past visits,'" and finding that the amended complaint sufficiently alleged intent to return at the motion to dismiss stage because it "specifies three dates on which Plaintiff accessed Defendant's website, the specific product Plaintiff allegedly seeks to buy, his habit of consuming chocolate, and characteristics of [the product] that he finds attractive."); *see also Sanchez*, 2022 U.S. Dist. LEXIS 51247 at *5 (allegations that the plaintiff "unsuccessfully tried to navigate the Website, that the site's barriers deter [the plaintiff] from visiting the Website in the future, and that [the plaintiff] intends to visit the site again in the future when the barriers are cured" sufficient to establish intent to return to the website where the plaintiff additionally "makes note of his particular interest in pistachio nuts" and websites themselves "are already easily accessible at any moment."); *Angeles*, 2021 U.S. Dist. LEXIS 182317 at *5 (intent to return established where the plaintiff's "alleges that she is concerned with health and hygiene when purchasing beauty supplies and is interested in Defendant's products because they are free of chemicals and other unnatural ingredients.").

Courts in this jurisdiction continue to find standing where the allegations, although perhaps not novel-length, nevertheless establish the factual basis for the plaintiff's interest in the website.

10

*See Loadholt v. ShirtSpace*, No. 22-CV-02870 (ALC), 2023 U.S. Dist. LEXIS 36924, at *6-7 (S.D.N.Y. Mar. 6, 2023) (finding intent to return adequately pled where "Plaintiff has alleged the specific product he intended to purchase—a T-shirt … where Defendant is an apparel retailer and where Plaintiff alleges that he was unable to navigate Defendant's website so that he could properly browse for a specific T-shirt and complete his purchase."); *see also Chalas*, 2022 U.S. Dist. LEXIS 211816 at *8-9 (distinguishing *Calcano* and finding that the plaintiff adequately pled injury-in-fact based on an alleged interest in stomach repair supplements for her cousin and a particularized interest in the website based on the defendant's commitment to staying "ahead of the curve"); *Davis*, 2023 U.S. Dist. LEXIS 115542 at *18-20 (distinguishing *Calcano* and finding intent-to-return where the plaintiff "alleges that he enjoys honeyed butter, is generally interested in organic food as part of his diet, and was interested in trying a new brand to enjoy a healthy and tasty new food," and where the defendant's honey butter is distinctive for its health-centric and environmentally friendly features); *Maddy v. Life Time, Inc.*, No. 22-cv-5007 (LJL), 2023 U.S. Dist. LEXIS 115503, at *13-14 (S.D.N.Y. July 5, 2023) (finding intent-to-return where the plaintiff "alleges that she has a hobby of collecting body lotions and oils from various brands and enjoys purchasing different branded lotions to add to her collection, and the website offers a specific oil, the Morroccan Oil Dry Body Oil, which is a high quality body lotion that Plaintiff wants to add to her collection.").

Plaintiff has explained in detail why she wants the specific bag from Defendant's Website. *See* First Amended Complaint, ¶ 36. As mentioned, "Plaintiff enjoys traveling and often goes on picnics with her friends. For their next gathering, she wanted to prepare special meals and needed a food bag that would keep her meals fresh for an extended period. Plaintiff appreciates high-end style at an affordable price." *Id*.

11

As the Second Circuit explained in *Calcano*, "the central inquiry is not whether a complaint pleads the magic words that a plaintiff 'intends to return,' but if, 'examined under the "totality of all relevant facts,"' "the plaintiff plausibly alleges 'a real and immediate threat of future injury.'" *Calcano*, 36 F.4th at 75 (citations omitted). Thus, the question is not whether particular paragraphs plead the magic words "I intend to return," but whether, taken as a whole, Plaintiff's interest in returning to the Website is a plausible one. Given the circumstances behind Plaintiff's interest in a high end, affordable lunch bag, the answer is an obvious "yes."

### B. THE FACT THAT PLAINTIFF FILED OTHER WEBSITE ACCESSIBILITY-BASED SUITS DOES NOT MEAN SHE HAS NOT DEMONSTRATED ARTICLE III STANDING IN THIS CASE.

Defendant argues that *Calcano* all but forecloses Plaintiff's claims because, as a serial litigant, Plaintiff does not have any real interest in the websites she has sued, but is only interested in exacting compliance with the ADA. But *Calcano* is easily distinguishable from the facts of this case. In that case, the Second Circuit rejected the plaintiffs' standing because the complaints (consolidated for purposes of appeal) were so riddled with "errors, oddities and omissions" – errors that went to the heart of the plaintiffs' intent to return – that the court struggled with the veracity of the allegations. *See Calcano*, 36 F.4th at 77 (reasoning that the "Mad-Libs-style complaints further confirms the implausibility of their claims of injury," and noting, as examples, that "Murphy asserts that he would return to a Kohl's that doesn't exist" and "Dominguez seeks to go back to Banana Republic for its food."). Coupled with the boilerplate nature of the complaints and the fact that the plaintiffs were serial litigators who had filed hundreds of such complaints, the Circuit Court refused to find standing. *Id.* at 76-77.

Defendant points to no error in the Complaint, and as mentioned in *Carter,* facial allegations of the complaint must be taken as true. *Carter,* 822 F.3d at 56-57. Thus, it must be

assumed true for the purpose of this motion that, as Plaintiff has stated, that she will return to Plaintiff's website in the future. *See* First Amended Complaint, ¶ 37. Aside from the boilerplate nature of the Complaint – a daily fact of life for most plaintiff firms, whether they bring personal injury claims or intellectual property claims such as copyright infringement – Defendant has failed to point to any other aspect of *Calcano* that would call into question the veracity of Plaintiff's allegations. Whatever may be said for Plaintiff's status as a serial litigator – asserted on the basis that Plaintiff has filed other ADA claims, the very notion of which seems faintly absurd – none of the other troubling aspects of *Calcano* are present here.

Courts in this jurisdiction have recognized these distinctions in finding standing. *See Davis*, 2023 U.S. Dist. LEXIS 115542 at *18-20 (rejecting the defendant's reliance on *Calcano* "as the plaintiffs 'offered only "naked assertions"' of intent to return to [d]efendants' stores if they offer braille gift cards," whereas, "[h]ere, the allegations concerning intent to return are significantly more detailed[.]"); *see also Tavarez*, 641 F. Supp. 3d at 83 (distinguishing *Calcano* where the plaintiffs "'fail[ed] to provide *any* details about [plaintiffs'] past visits' to defendants' public accommodations, the frequency of such visits, which items they purchased, or why they wanted to purchase certain items from the defendants."). *Calcano* does not stand for the broader, completely untethered proposition that any ADA complaint, no matter the allegations or the detail provided, must be summarily dismissed if it is contemporaneous with other ADA complaints of a similar nature or based on a similarly-worded complaint. As the Second Circuit noted, "the central inquiry is not whether a complaint pleads the magic words that a plaintiff 'intends to return,' but if, 'examined under the "totality of all relevant facts,"' the plaintiff *plausibly* alleges 'a real and immediate threat of future injury.'" *Calcano*, 36 F.4th at 75 (emphasis added). Considering the totality of facts alleged in the Complaint, Plaintiff has met that burden here.

13

Simply put, Defendant's reliance on Plaintiff's status as a "serial litigator" is not persuasive. The fact that singular plaintiffs file dozens of these complaints reflects the widespread discrimination that the visually-impaired face on a daily basis and the ubiquitous nature of the internet itself. *See Maddy*, 2023 U.S. Dist. LEXIS 115503 at *15-16 (rejecting the defendant's arguments that filing over 70 complaints made the plaintiff's allegations of intent to return implausible and reasoning, "It is not uncommon for people to use and attempt to access multiple websites a day—whether looking for information or to buy something. And, it is not implausible that many such websites have issues that make them inaccessible to visually impaired persons. Thus, the fact that Plaintiff has filed many similar lawsuits to this one may, as Plaintiff argues, reflect the systematic issues that visually impaired consumers face on a daily basis…"); *see also Davis*, 2023 U.S. Dist. LEXIS 115542 at *10-11 ("The fact that Plaintiff has filed nearly fifty complaints may just as well reflect the rampant nature of discrimination that persons with visual impairments face when using the internet. It is also not surprising, in light of the ubiquitous role that the internet plays in people's lives, that Plaintiff may have intended to visit and to use over fifty websites."). Defendant's attempts to twist this basic reality into something other than what it is reflects a profound ignorance of the access barriers that the visually impaired encounter on a daily basis.

### C. **PLAINTIFF'S NYCHRL CLAIMS SURVIVE AND PLAINTIFF IS ENTITLED TO PUNITIVE DAMAGES, CIVIL PENALTIES, AND FINES UNDER THE NYCHRL.**

Even if Plaintiff's ADA claims are dismissed, Plaintiff's NYCHRL claims are judged by a different standard and survive. The Supreme Court of New York came to the same conclusion:

> It is undisputed that the NYCHRL's pleading standards are materially looser than the trans-substantive plausibility standard of the Federal Rules of Civil Procedure—or, for that matter, the CPLR's notice-pleading standard for claims under the NYSHRL. (*See Williams v New York City Hous. Auth.*, 61 AD3d 62, 65-69, 872 N.Y.S.2d 27 [1st Dept 2009]; *Vig v NY Hairspray Co., L.P.*, 67 AD3d 140, 145, 885

14

> N.Y.S.2d 74 [1st Dept 2009].) As a result, allegations that would be insufficient to state a federal claim might well be enough to state a cause of action under the NYCHRL. This difference defeats defendants' estoppel argument.

*Pustilnik v. Battery Park City Auth.*, 71 Misc. 3d 1058, 1069 (Sup. Ct. 2021); *see also Cabrera v. City of N.Y.*, 2014 NY Slip Op 30533(U), at *6-7 (Sup. Ct.) ("However, it bears noting that contrary to defendants' assertion, New York State courts, even after the decision in *Ashcroft*, have consistently applied the standards promulgated by New York State case law when confronted with a motion seeking to dismiss a cause of action pursuant to 42 USC § 1983, on grounds that the complaint fails to state a cause of action.").

In considering whether to reject the plaintiff's NYCHRL claims on grounds of collateral estoppel after the plaintiff's ADA claims had been dismissed at the federal level, *Pustilnik* noted,

> The First Department has been careful to emphasize in this context that estoppel will apply only where the federal court was deciding "strictly factual question[s] not involving application of law to facts or the expression of an ultimate legal conclusion," because these factual determinations do "not implicate any of the several ways" in which analysis of NYCHRL claims is "not identical to their federal and state counterparts."

*Pustilnik*, 71 Misc. 3d at 1069-70.

The court further noted that the federal court's 12(b)(6) dismissal was a legal determination regarding the sufficiency of the allegations that spoke more to the difference in the two pleading standards than it did to factual determinations by the court. *Id.* at 1070. The court explained, "The district court held that Pustilnik's allegations did not plausibly raise the necessary inference of discrimination." *Id*. "That holding does not resolve a strictly factual question. Rather, it is grounded in the threshold set by federal law for when plaintiffs' allegations should entitle them to proceed past the pleading stage and obtain discovery from defendants." *Id.* "The CPLR and the NYCHRL, on the other hand, set a different, lower threshold." *Id.* The court therefore concluded that "the federal court's dismissal of Pustilnik's age-discrimination and disability-discrimination claims

15

brought under federal law does not estop Pustilnik from relying on the same allegations to assert discrimination claims under the NYCHRL." *Id.*

This Court should follow this decisional case law. The CPLR and NYCHRL set a different, lower pleading threshold than does the FCRP. Dismissal of Plaintiff's ADA claims at the federal level does not resolve any factual questions, but speaks more to the difference in those two standards. Thus, Plaintiff's NYCHRL claims survive even with the dismissal of her ADA claims. Moreover, any dismissal under 12(b)(1) is necessarily without prejudice, preserving her NYCHRL claims for state court. *See Carter*, 822 F.3d at 54.

### D. CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss should be denied in its entirety. Plaintiff has shown standing and has stated a claim. Additionally, Defendant's Website is a place of public accommodation within the meaning of the ADA. As such, this Court should retain supplemental jurisdiction over Plaintiff's state law claims and deny Defendant's request to stay discovery. Furthermore, Plaintiff requests leave to further amend her Complaint on any factual issues.

Dated: March 24, 2025

          Respectfully Submitted,

          **EQUAL ACCESS LAW GROUP, PLLC**

          */s/Asher Cohen*
          Asher Cohen, Esq.
          68-29 Main Street
          Flushing, NY 11367
          Ph: 718-914-9694