UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMANIE RILEY, on behalf of herself and all
others similarly situated,

                         Plaintiff,

        v.

BAGGU CORPORATION,

                         Defendant.

Case No. 1:24-cv-09000-HJR

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
MOTION TO DISMISS**

Dated: April 3, 2025
        New York, New York

                    JAMES JANTARASAMI, ESQ.
                    LAW OFFICE OF JAMES JANTARASAMI
                    3 Columbus Circle, 15th Fl.
                    New York, NY 10019
                    (212) 324-1480
                    *Attorney for Defendant Baggu Corporation*

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES**................................................................................................ - 1 -

**PRELIMINARY STATEMENT** ........................................................................................ - 2 -

**ARGUMENT** ...................................................................................................................... - 2 -

    I.    Plaintiff's reliance upon pre-Calcano authority is misplaced ...................................... - 2 -

    II.   It is proper for the Court to consider Plaintiff's status as a high-volume filer in the Southern District in weighing the plausibility of her allegations in this case.............. - 3 -

    III.  Plaintiff bears the burden of affirmatively establishing her standing to sue – even on a motion to dismiss – and has failed to meet her burden with respect to showing a real intent to return to Baggu's website ........................................................................... - 5 -

**CONCLUSION** .................................................................................................................... - 8 -

# TABLE OF AUTHORITIES

**CASES**

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ............................................................................................ - 3 -

*Calcano v. Swarovski N. Am. Ltd.*,
  36 F.4th 68 (2d Cir. 2022) .......................................................................... - 1 -, - 3 -

*Carter v. HealthPort Techs., LLC*,
  822 F.3d 47 (2d Cir. 2016) .................................................................................. - 4 -

*Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.à.r.l.*,
  790 F.3d 411 (2d Cir. 2015) ................................................................................ - 4 -

*Feliz v. IHealth Labs Inc.*,
  No. 23-CV-00354 (JLR), 2024 WL 342701 (S.D.N.Y. Jan. 30, 2024)..................................... 1, 6

*Harty v. West Point Realty, Inc.*,
  28 F. 4th 435 (2nd Cir. 2022) .............................................................................. - 2 -

*John v. Whole Foods Market Group, Inc.*,
  858 F.3d 732 (2d Cir. 2017) ................................................................................ - 2 -

*Loadholt v. Dungarees, Inc.*,
  No. 22-CV-4699 (VEC) (S.D.N.Y. February 15, 2023) ........................................................ - 5 -

*Loadholt v. Oriental-Decor.com Inc.*,
  No. 22CV8205ASRWL, 2024 WL 78243 (S.D.N.Y. Jan. 4, 2024), report and recommendation
    adopted, No. 22-CV-8205 (AS), 2024 WL 247107 (S.D.N.Y. Jan. 23, 2024)...................... - 1 -

*Maddy v. Life Time, Inc.*,
  No. 22-cv-5007 (LJL), 2023 U.S. Dist. LEXIS 115503 (S.D.N.Y. July 5, 2023) ................. - 5 -

*Martin v. Second Story Promotions, Inc.*,
  No. 22-cv-10438 (MKV) (S.D.N.Y. February 26, 2024).........................................5, 6

*Shayler v. 1310 PCH, LLC*,
  51 F.4th 1015 (9th Cir. 2022) .............................................................................. - 2 -

*Tavarez v. Moo Organic Chocolates, LLC*,
  641 F. Supp. 3d 76 (S.D.N.Y. 2022) ........................................................................ - 5 -

*Tavarez-Vargas v. Annie's Publ'g*,
  No. 21-cv-09862 (AT), 2023 WL 2499966 (S.D.N.Y. Mar. 14, 2023) ............................... - 7 -

*Thorne v. Capital Music Gear LLC*,
  23 Civ. 776 (LGS) (S.D.N.Y. April 12, 2024) .............................................................. - 3 -

*Wahab v. Surya Nature, Inc.*,
  No. 1:24-cv-384 (MKV) (S.D.N.Y. March 20, 2025)........................................... 1, 3

*Winegard v. Golftec Intellectual Prop. LLC*,
  674 F.Supp.3d 21 (E.D.N.Y. 2023) ......................................................................... 2, 3

*Zinnamon v. Profound Color, LLC*,
  No. 1:23-CV-2722-LJL, 2023 WL 6882415 (S.D.N.Y. Oct. 17, 2023)................................ - 1 -

*Zinnamon v. Satya Jewelry II, LLC*,
  No. 23-cv-781 (VEC), 2023 WL 3511123 (S.D.N.Y. Apr. 28, 2023) ............................... - 3 -

**RULES**

Fed. R. Civ. P. 12(b)(1) .................................................................................. - 1 -, - 7 -

Fed. R. Civ. P. 12(b)(6) .................................................................................. - 1 -, - 7 -

## PRELIMINARY STATEMENT

Defendant Baggu Corporation ("<u>Defendant</u>") respectfully submits this reply memorandum of law in further support of its pre-answer motion to dismiss Plaintiff's First Amended Complaint dated February 10, 2025 (the "<u>Amended Complaint</u>" or "<u>Compl</u>.") [ECF No. 18] pursuant to FRCP 12(b)(1) and 12(b)(6).

## ARGUMENT

### I.    Plaintiff's reliance upon pre-Calcano authority is misplaced

In opposition to Defendant's motion, Plaintiff cites mostly cases that pre-date the Second Circuit's June 2, 2022 decision in *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68 (2d Cir. 2022). But those earlier decisions are no longer good law: as judges in the Southern District have noted repeatedly, the *Calcano* decision "raised the bar appreciably for adequately pleading standing to seek injunctive relief in ADA cases." *Feliz v. IHealth Labs Inc.*, No. 23-CV-00354 (JLR), 2024 WL 342701, at *5 (S.D.N.Y. Jan. 30, 2024); *see also Loadholt v. Oriental-Decor.com Inc.*, No. 22CV8205ASRWL, 2024 WL 78243, at *4 (S.D.N.Y. Jan. 4, 2024), report and recommendation adopted, No. 22-CV-8205 (AS), 2024 WL 247107 (S.D.N.Y. Jan. 23, 2024); *Zinnamon v. Profound Color, LLC*, No. 1:23-CV-2722-LJL, 2023 WL 6882415, at *3 (S.D.N.Y. Oct. 17, 2023).

In the years since Calcano, courts in this Circuit have commented with concern about widespread abuses of the federal court system by serial ADA filers. *See, e.g., Wahab v. Surya Nature, Inc.,* No. 1:24-cv-384 (MKV) at *5 (S.D.N.Y. March 20, 2025) ("the 91-paragraph Amended Complaint largely consists of 'cut-and-paste and fill-in-the-blank' assertions… that appear in hundreds upon hundreds of 'carbon-copy complaints' that Plaintiff's

counsel has filed on behalf of a stable of different plaintiffs"); *Winegard v. Golftec Intellectual Prop. LLC*, 674 F.Supp.3d 21, 27 (E.D.N.Y. 2023) (describing the "scheme of systematic extortion, designed to harass and intimidate business owners into agreeing to cash settlements" that abusive ADA litigation has given rise to). The Ninth Circuit highlighted the problem at length in *Shayler v. 1310 PCH, LLC*, 51 F.4th 1015 (9th Cir. 2022), which provides an overview of the perverse incentives that drive a "cottage industry" in which plaintiffs' firms "file essentially the same complaints over and over again, [in] the hope of intimidating the defendant into an early settlement (or of obtaining a default judgment), allow[ing] for a quick recovery of attorney's fees with relatively minimal difficulty." *Id.* at 1018.

Given this backdrop, the Second Circuit's decisions in *Calcano* and *Harty v. West Point Realty, Inc.*, 28 F. 4th 435 (2nd Cir. 2022), should be understood to provide a clear mandate for district courts to apply heightened scrutiny to ADA plaintiffs' standing to sue. Of particular importance to the case at bar, even assuming the existence of access barriers on a defendant's website, an ADA plaintiff is required to demonstrate "downstream consequences" from her inability to access site features or information: in other words, she "must show that [s]he has an interest in using the information... beyond bringing [her] lawsuit." *Harty,* 28 F. 4th at 444 (internal quotations omitted). To the extent that Plaintiff relies upon *John v. Whole Foods Market Group, Inc.*, 858 F.3d 732 (2d Cir. 2017), for the proposition that the injury-in-fact threshold is a low bar to clear, such authority is outdated and inapplicable to the high-volume world of ADA web accessibility litigation.

II.    **It is proper for the Court to consider Plaintiff's status as a high-volume filer in the Southern District in weighing the plausibility of her allegations in this case**

In light of the above context, it is indeed relevant to the injury-in-fact analysis

here that Ms. Riley has filed 47 ADA complaints in the Southern District in the space of less than a year.[1]  Ms. Riley is required to make non-conclusory allegations concerning her interests in Defendant's wares and the bona fides of her intention to return to Baggu.com, with factual detail sufficient to "nudge [her] claims across the line from conceivable to plausible."  *Thorne v. Capital Music Gear LLC*, 23 Civ. 776 (LGS) at *9 (S.D.N.Y. April 12, 2024), *quoting Calcano*, 36 F.4th at 77; *see also Wahab*, supra, at *6 ("Plaintiff's conclusory assertion that she intends to visit the Website in the near future if it is made accessible… is merely a legal conclusion couched as a factual allegation") (internal quotations omitted).

Ms. Riley's perfunctory statement of interest in Baggu's "Puffy Lunch Bag" must be assessed alongside her 46 other statements of purported interest in the products and services sold by the 46 other defendants whom Ms. Riley has recently targeted in the Southern District. The Court's role on a motion to dismiss is not to perform an abstract intellectual exercise, divorced from reality and the universe of judicially-noticeable facts.  Rather, per *Calcano*, the Court is to apply its "experience and common sense" in assessing the plausibility of Plaintiff's interest in the Puffy Lunch Bag and the imminence of the injury she faces absent judicial intervention. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *see also Golftec*, 674 F.Supp.3d at 25 ("[w]ith 49 cases filed and counting, the range of [plaintiff's] interests would have to be unusually substantial, ranging from industrial supplies to etiquette classes to robotics to freediving and spearfishing to instructions for assembling a 'Nashville Hot Chicken' kit" in order for the court to credit his supposed interest in the golf videos hosted on the defendant's website); *Zinnamon v. Satya Jewelry II, LLC*, No. 23-cv-781 (VEC), 2023 WL 3511123, at *3 (S.D.N.Y. Apr. 28, 2023) (sanctioning plaintiff's counsel for filing another "virtually identical complaint"

---

[1] Refer to Exhibit A to the Declaration Of James Jantarasami In Support Of Defendant's Motion To Dismiss dated February 24, 2025 [ECF No. 21-2] for a list of the Carbon Copy Cases.

on behalf of another plaintiff).

Contrary to Plaintiff's arguments, Defendant has pointed to errors and factual incongruities in the Amended Complaint that are hallmarks of a mass-produced lawsuit.[2] Among the most material is Plaintiff's anomalous claim that access barriers on Baggu.com prevented her from ascertaining what colors, patterns and shades were available for the Puffy Lunch Bag[3] – which, if true, would make it impossible to credit her claim of a sincere interest in the Puffy Lunch Bag, which is supposedly based on its "high-end style."  Also worth repeating is the Amended Complaint's flip-flopping on the question of whether or not Plaintiff was able to add the Puffy Lunch Bag to her online shopping cart.[4]  Finally, the Court should not overlook Plaintiff's puzzling assertion that once Baggu's website is remediated, she will visit its SoHo store in person "for a hands-on shopping experience and to avoid shipping delays,"[5] which is certainly an oddity that does nothing to establish a genuine intent to return to Baggu's website. Read as a whole, the Amended Complaint remains riddled with "errors, oddities and omissions" of the sort that so troubled the *Calcano* court.

III.    **Plaintiff bears the burden of affirmatively establishing her standing to sue – even on a motion to dismiss – and has failed to meet her burden with respect to showing a real intent to return to Baggu's website**

Even at the motion to dismiss stage, the plaintiff is the party who bears the burden of alleging facts that affirmatively and plausibly establish his or her standing to sue.  *See Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016); *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.à.r.l.*, 790 F.3d 411, 417 (2d Cir. 2015).  In the website-accessibility

---

[2] Refer to pp. 5-6 of Defendant's Memorandum Of Law In Support Of Motion To Dismiss dated February 24, 2025 [ECF No. 21-3].
[3] Compl. ¶ 36.
[4] Compare Compl. ¶ 32(m) with Compl. ¶ 36.
[5] Compl. ¶ 37.

context, a plaintiff's pleadings must plausibly make out his bona fide intent to return to the defendant's website once the alleged accessibility barriers are resolved. This showing must be supported by "non-conclusory, plausible factual allegations from which it is reasonable to infer" that the plaintiff intends to return to the defendant's website. *Martin v. Second Story Promotions, Inc.*, No. 22-cv-10438 (MKV) at *4-5 (S.D.N.Y. February 26, 2024), *citing Loadholt v. Dungarees, Inc.*, No. 22-CV-4699 (VEC) at *2 (S.D.N.Y. February 15, 2023).

      Plaintiff's sparse citations to post-*Calcano* district court decisions do little to bolster the Amended Complaint in this regard, and are in any case outweighed by the trend of contrary authority. In *Tavarez v. Moo Organic Chocolates, LLC*, 641 F. Supp. 3d 76 (S.D.N.Y. 2022), the court granted plaintiff's motion for leave to amend its complaint and found that amendment was not necessarily futile where plaintiff alleged multiple failed attempts to buy from the defendant's website over a 17-month period prior to suit, and its proposed amended pleading detailed the plaintiff's chocolate habit and what he found attractive about the Almond Mini Bar's flavor combination, health value, and environmental impact. *Id.* at 82-83. In *Maddy v. Life Time, Inc.*, No. 22-cv-5007 (LJL), 2023 U.S. Dist. LEXIS 115503 (S.D.N.Y. July 5, 2023), the court found that plaintiff's "numerous" discrete failed attempts to purchase a unique and distinctive body lotion from the defendant's website, as detailed in the complaint, were sufficient to evince her intent to return once the access barriers were remediated. *Id.* at *10. Notably, the court found it relevant that the body lotion "would be appealing to those who are visually impaired as well as those who are not. There is nothing in the nature of the product that would make it implausible that Plaintiff would have an interest in it." *Id*.

      By contrast, it remains a mystery what piqued Ms. Riley's interest in the "high-

end style"[6] of Baggu's products in light of her purported inability to access information about the styling, colors and patterns of Baggu's products online.  Ms. Riley claims to have browsed Baggu's website on a single occasion on November 4, 2024,[7] just three weeks before filing this suit, but she does not indicate how she learned of Baggu or its site or provide a plausible backstory concerning her need for the Puffy Lunch Bag.  The Amended Complaint includes only generic assertions that Plaintiff "often goes on picnics with her friends" and "needed a food bag that would keep her meals fresh for an extended period."[8]

Common sense informs us that "food bags" are essentially a commodity item, available anywhere in practically any style.  To make out a plausible interest in Baggu's Puffy Lunch Bag and demonstrate a sincere intent to return to Baggu's website, it was incumbent upon Plaintiff to plead supporting facts as to past visits to Baggu's stores or website, past purchases from Baggu, whether she searched for comparable products elsewhere, or why she might prefer Defendant's lunch bag over the myriad other lunch bag options available online.  *See Second Story Promotions, Inc., supra* at *5.  In the absence of such particularized allegations, Plaintiff has failed to meet her burden of establishing standing: her assertion of an intent to return to Baggu's website should be regarded as a bare legal conclusion couched as a factual allegation. *See IHealth Labs Inc.*, 2024 WL 342701, at *7 ("although [plaintiff] states that she 'trusts the healthcare products offered on the Defendant's website'… she does not allege that IHealth is the only retailer that sells trustworthy COVID-19 tests, or that she has searched for similar COVID-19 tests but has been unable to find them elsewhere at a comparable price point"); *Tavarez-Vargas v. Annie's Publ'g*, No. 21-cv-09862 (AT), 2023 WL 2499966, at *3 (S.D.N.Y. Mar. 14,

---

[6] Compl. ¶ 36.  The Court will observe that almost all of the operative detail in the Complaint is contained in Paragraphs 36-37, which one gleans are the only paragraphs substantively modified from the pleadings recycled for the rest of the Carbon Copy Cases.
[7] Compl. ¶ 10.
[8] Compl. ¶ 36.

2023).

## CONCLUSION

For all of the above reasons, Defendant respectfully requests that the motion be granted

in its entirety, and that this Court issue an order:

A.   Dismissing the Amended Complaint pursuant to FRCP 12(b)(1) and/or 12(b)(6),

with prejudice and without leave for Plaintiff to further amend; and

B.   Granting such other and further relief as may be deemed just and proper.


Dated: April 3, 2025
          New York, New York

Respectfully submitted,

LAW OFFICE OF JAMES JANTARASAMI
3 Columbus Circle, 15th Fl.
New York, NY 10019
(212) 324-1480
*Counsel for Defendant*

By:   _/s/ James Jantarasami_____
          James Jantarasami