USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/5/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMANIE RILEY,

                Plaintiff,

-v-

BAGGU CORPORATION,

                Defendant.

**MEMORANDUM AND ORDER**

24-CV-9000 (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

    Plaintiff Amanie Riley ("Riley"), who is legally blind, brings claims against Defendant Baggu Corporation ("Baggu") under the Americans with Disabilities Act ("ADA"), the New York State Human Rights Law ("NYSHRL"), the New York State Civil Rights Law ("NYSCRL"), and the New York City Human Rights Law ("NYCHRL") for discrimination based on her disability due to failure to maintain an accessible website. This action is before the undersigned on consent of the parties pursuant to 28 U.S.C. § 636(c).

    Baggu moves to dismiss for lack of standing and for failure to state a claim. For the reasons described below, Baggu's motion to dismiss is **DENIED**.

**I.    BACKGROUND**

    **A.    Factual Background**

    The following facts are drawn from the First Amended Complaint ("FAC"), ECF No. 18, and are assumed true for the purpose of this motion. Riley is a legally blind person who relies on screen-reading software to read website content on her computer. FAC ¶¶ 2, 15. On November 4, 2024, Riley attempted to visit and use

1

Baggu's website ("Baggu.com") to purchase a lunch bag but was unable to do so due to various accessibility issues. FAC ¶¶ 10, 32, 36. These accessibility issues include, "inaccurate landmark structure, inadequate focus order, inaccurate alt-text on graphics, ambiguous link texts, inaccessible contact information, changing of content without advance warning, unclear labels for interactive elements, inaccessible drop-down menus and redundant links where adjacent links go to the same URL address." FAC ¶¶ 29, 32.

Riley claims that these barriers to use of Baggu.com constitute discrimination in violation of the ADA, as well as state and city laws, as they deny her access to Baggu.com's goods, services, facilities, privileges, advantages, and/or accommodations. FAC ¶¶ 57, 64, 73, 79, 90, 95, 104. Pursuant to Federal Rule of Civil Procedure 23, she seeks to certify a nationwide class and a New York subclass of all legally blind individuals who have attempted to use Baggu.com. FAC ¶¶ 43–44. Riley asserts causes of action under Title III of the ADA, 42 U.S.C. §§ 12182(a) *et seq.*, Article 15 of the NYSHRL, Exec. L. §§ 292 *et seq.*, Article 4 of the NYSCRL, CLS Civ. R. §§ 40 *et seq.*, and the NYCHRL, N.Y.C. Admin. Code §§ 8-102, *et seq.*, and seeks declaratory and injunctive relief, damages, and attorney's fees, costs, and expenses. *Id.* ¶¶ 53–111.

B. **Procedural History**

Riley brought this action on November 25, 2024. ECF No. 1. After Baggu filed its first motion to dismiss, Riley filed the FAC, which Baggu moved to dismiss on February 24, 2025. ECF No. 21 ("Mot."). Riley filed an opposition on March 24, 2025, ECF No. 24 ("Opp."), and Baggu filed its reply on April 3, 2025. ECF No. 25

("Reply"). Baggu seeks dismissal pursuant to Rules 12(b)(1) and 12(b)(6), but Baggu's brief argues only that Riley lacks standing to sue. Therefore, the Court considers Baggu's motion only under Rule 12(b)(1).

## II. LEGAL STANDARDS

A district court must dismiss a claim under Rule 12(b)(1) if a plaintiff fails to allege facts sufficient to establish standing under Article III of the Constitution. "Determining the existence of subject matter jurisdiction is a threshold inquiry and a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008). At all stages of litigation, "the party invoking federal jurisdiction bears the burden of establishing the elements of Article III standing." *Carter v. HealthPort Technologies, LLC*, 822 F.3d 47, 56 (2d Cir. 2016) (cleaned up). However, when a motion is made at the pleading stage—as here—the district court must "take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff." *Morrison*, 547 F.3d at 170 (cleaned up).

To establish standing, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021).

"In the ADA context . . . a plaintiff seeking injunctive relief has suffered an injury in fact when: (1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was

reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' businesses to plaintiff's home, that plaintiff intended to return to the subject location." *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 74 (2d Cir. 2022) (quoting *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2d Cir. 2013)) (cleaned up). "To satisfy standing in ADA website cases specifically, courts in this district have required the plaintiff to allege certain facts in detail, including when they attempted to access to the website, what they were attempting to do on the website, the specific barriers that prevented them from gaining access, and how they intend to utilize the website in the future." *Sookul v. Fresh Clean Threads, Inc.*, 754 F. Supp. 3d 395, 401–02 (S.D.N.Y. 2024) (quoting *Angeles v. Grace Products, Inc.*, No. 20-CV-10167, 2021 WL 4340427, at *2 (S.D.N.Y. Sept. 23, 2021) (collecting cases)).

### III.   RILEY HAS ADEQUATELY ALLEGED STANDING

As Baggu points out, Riley is a prolific ADA litigant. Mot. at 1. The Court has found at least 58 recent cases in this District where she is the plaintiff in an ADA suit, often using complaints with similar language to this one. While Baggu's skepticism is understandable, prolific ADA plaintiffs are not subject to a heightened standing inquiry merely by virtue of "filing duplicative lawsuits against multiple defendants." *Sookul*, 754 F. Supp. 3d at 402 (quoting *Delacruz v. Ruby Tuesday, Inc.*, No. 19-CV-10319, 2020 WL 5440576, at *3 (S.D.N.Y. Sept. 8, 2020)). While "filing serial, formulaic complaints may, in practice, sometimes mean the final product does not contain sufficient non-conclusory allegations to survive a motion to dismiss. . . . that fact does not entitle Plaintiff to a weaker presumption that the

non-conclusory allegations in the FAC are true." *Guerrero v. Ogawa USA Inc.*, No. 22-CV-2583, 2023 WL 4187561, at *3 (S.D.N.Y. June 26, 2023) (cleaned up).

The FAC alleges enough facts to meet all three elements of injury-in-fact "in the ADA context," *Calcano*, 36 F.4th at 74, and has alleged certain facts with sufficient detail to establish standing "in ADA website cases specifically." *Sookul*, 754 F. Supp. 3d at 401–02.

### A.   Past Injury

Baggu does not seriously dispute that Riley has met the "past injury" prong of the *Calcano* test. Riley states that she attempted to visit and use Baggu.com on November 4, 2024, to purchase a lunch bag, but was unable to complete the purchase due to barriers to accessibility. FAC ¶¶ 10, 36. Riley explains the specific barriers that prevented her from properly viewing and purchasing Baggu's products on Baggu.com, including "inaccurate landmark structure, inadequate focus order, inaccurate alt-text on graphics, ambiguous link texts, inaccessible contact information, changing of content without advance warning, unclear labels for interactive elements, inaccessible drop-down menus and redundant links where adjacent links go to the same URL address." FAC ¶ 29; *see also* FAC ¶¶ 30–33.

Baggu argues that these allegations regarding when Riley attempted to access Baggu.com, what she was attempting to do, and the specific barriers that prevented her from gaining access do not plausibly allege an injury. Baggu relies on *Harty v. West Point Realty, Inc.* for the proposition that "informational injury" is not sufficient for standing because a plaintiff "must show that [she] has an interest in using the information . . . beyond bringing [her] lawsuit." 28 F.4th 435, 444 (2d Cir.

5

2022). While this is true, *Harty* is distinguishable from this case. As Baggu describes, in *Harty*, the plaintiff was a "tester" who merely browsed websites for the purpose of determining whether they complied with the ADA, but had no intent to become a customer himself. In contrast, Riley has alleged that she attempted to visit and use Baggu.com to purchase a lunch bag "to keep her meals fresh for an extended period" because she "enjoys traveling and often goes on picnics with her friends." FAC ¶¶ 10, 36. At this stage, when the Court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff, Riley has sufficiently alleged that she has a past injury that was not merely an informational injury.

### B. Continuation of Discriminatory Treatment

Riley also satisfies the second prong of the *Calcano* test. She alleged that Baggu has not removed access barriers to Baggu.com that deny blind individuals equal access to Baggu.com. FAC ¶ 27. For purposes of this motion, Baggu does not dispute the existence of the alleged barriers to access and does not deny that they continue to exist on Baggu.com. It is thus reasonable to infer that if Riley were to attempt to make a purchase on Baggu.com again, she would be unable to do so.

### C. Intent to Return

Finally, Riley explains her personal and continued interest in Baggu's brand and intent to return to Baggu.com such that the third *Calcano* prong is satisfied. Riley alleges that she was and is interested in purchasing a lunch bag and other "affordable, stylish bags designed for travel and food storage" from Baggu.com and in taking advantage of "the free shipping on orders over $50." FAC ¶¶ 10, 37. In

particular, she alleges that she "enjoys traveling and often goes on picnics with her friends" and "needed a food bag that would keep her meals fresh for an extended period." FAC ¶ 36. She states that she would return to Baggu.com to purchase their products if and when the website becomes accessible. FAC ¶ 37.

Baggu argues that these allegations as to why Riley visited the website and how she intends to use the website in the future are insufficient to plead her intent to return. But Riley describes why she was interested in purchasing a lunch bag from Baggu.com in particular (she "appreciates high-end style at an affordable price" and found Baggu's "Puffy Lunch Bag priced under $50," FAC ¶ 36) and why she wants to return to Baggu.com (Riley "is interested in exploring other affordable, stylish bags designed for travel and food storage, especially considering the free shipping on orders over $50," FAC ¶ 37). Baggu's assertions that Riley could purchase a lunch bag from another vendor do not undermine Riley's allegations, taken as true and with all reasonable inferences drawn in her favor, that she would like to shop at Baggu.com in the future.

Taking its cue from *Calcano*, Baggu attacks the plausibility of these allegations by pointing to supposed "errors and factual incongruities" in the FAC. Reply at 5. As described below, these supposed inconsistencies—if inconsistencies at all—are not comparable to those present in *Calcano*, where, *e.g.*, the plaintiffs claimed to live close to a store that did not exist and said they wished to return to a clothing store for its food. *See Calcano*, 36 F.4th at 77.

7

For example, Baggu argues that Riley's inability to ascertain what colors, patterns, and shades were available for the Puffy Lunch Bag undermines her asserted interest in this product's "high-end style." Reply at 5. But this argument assumes that the "style" of a lunch bag depends entirely on the look of its exterior surface. To the contrary, the "style" of a lunch bag could be a product of its shape or design, which would not vary with the choice of color, pattern, or shade.

Baggu also points to Riley's "flip-flopping on the question of whether or not Plaintiff was able to add the Puffy Lunch Bag to her online shopping cart." *Id.* (*citing* Compl. ¶¶ 32(m) and 38). Read together in the light most favorable to Riley, these portions of the FAC are not necessarily inconsistent. Paragraph 32(m) alleges that Riley added a selected item to the cart, or at least thought that she had done so. Paragraph 36 ("Plaintiff was unable to use the cart button, preventing her from proceeding with checkout") arguably means that, after supposedly adding one or more items to the cart, Riley was unable to access the cart to complete her purchase. Thus, both of these statements could be true.

Additionally, Baggu cites a supposed incongruity within Paragraph 37, which claims, first, that "Plaintiff will visit the website again immediately upon Defendant correcting the numerous accessibility barriers on it," and second, that "Plaintiff also wishes to visit the SoHo store for a hands-on shopping experience and to avoid shipping delays." *See* Reply at 5. The fact that Plaintiff *also* wishes to visit Baggu's store in person does not undermine her asserted desire to shop online. A customer

could wish to do both, and Riley expressly alleges an interest in both options in Paragraph 36.

Finally, Baggu points out that Riley claims to live in Westchester in Paragraph 15 and in the Bronx in Paragraph 36. While these statements are factually inconsistent, Riley's proximity to Baggu's store matters less in a suit over the accessibility of Baggu's website, which can be accessed from anywhere, than it would in a suit over the accessibility of Baggu's physical store. As *Calcano* recognized, a court can excuse "a stray technical error" or "an odd allegation" in an ADA complaint. 36 F.4th at 77.

In short, these arguable discrepancies do not defeat the plausibility of Riley's factual allegations regarding her intent to return to Baggu.com. I therefore conclude that Riley's factual allegations, accepted as true, support a reasonable inference that she intends to return to Baggu.com if the barriers to entry are remedied. Whether these allegations are actually true is a question that must await discovery.

## IV. CONCLUSION

For the reasons described above, Baggu's motion to dismiss, ECF No. 21, is **DENIED**. The Court previously granted the parties' request to stay discovery in this action pending further Order of the Court. ECF No. 16. By separate Order, the Court will schedule an initial case management conference.

**SO ORDERED.**

Dated: August 5, 2025
      New York, New York

_____
Henry J. Ricardo
United States Magistrate Judge